1          UNITED STATES DISTRICT COURT

2          MIDDLE DISTRICT OF LOUISIANA

3

4   UNITED STATES OF AMERICA        : CRIMINAL ACTION

5   VERSUS                          : NO. 22-22

6   RICHARD VERRET                  : HON. SHELLY D. DICK

7                                   : SEPTEMBER 29, 2022

8   ===============================================================

9                          *GUILTY PLEA*

10  ===============================================================

11                   A P P E A R A N C E S

12

13  FOR THE UNITED STATES OF AMERICA:

14      MR. ALAN A. STEVENS
        U.S. ATTORNEY'S OFFICE, MIDDLE DISTRICT OF LOUISIANA
15      777 FLORIDA STREET, SUITE 208
        BATON ROUGE, LOUISIANA 70801
16

17  FOR RICHARD VERRET:

18      MR. JOHN LANE EWING, JR.
        CAZAYOUX EWING, LLC
19      257 MAXIMILIAN STREET
        BATON ROUGE, LOUISIANA 70802
20

21          REPORTED BY: GINA DELATTE-RICHARD,CCR

22  _____

23                  UNITED STATES COURTHOUSE
                      777 FLORIDA STREET
24              BATON ROUGE, LOUISIANA 70801
                       (225) 389-3564
25

1                                **SEPTEMBER 29, 2022**

2                        **(CALL TO THE ORDER OF THE COURT)**

3           **THE COURT:** BE SEATED. CALL THE CASE, PLEASE.

4           **COURTROOM DEPUTY:** THIS IS CRIMINAL ACTION NUMBER

5 22-22, *THE UNITED STATES OF AMERICA VERSUS RICHARD VERRET.*

6           **MR. STEVENS:** GOOD MORNING, JUDGE. ALAN STEVENS AND

7 HARLEY FERGUSON ON BEHALF OF THE UNITED STATES.

8           **THE COURT:** GOOD MORNING.

9           **MR. EWING:** GOOD MORNING, YOUR HONOR. LANE EWING

10 FOR MR. VERRET WHO'S PRESENT TODAY IN COURT.

11           **THE COURT:** GOOD MORNING.

12       WE ARE HERE BECAUSE THERE HAS BEEN AN INTENT TO

13 ENTER A GUILTY PLEA. MR. VERRET, I'M GOING TO ASK YOU SOME

14 QUESTIONS TO MAKE SURE THAT YOU UNDERSTAND YOUR RIGHTS. I'M

15 NOT GOING TO ASK ANYTHING TO EMBARRASS YOU. I JUST WANT TO

16 MAKE SURE THAT YOU ARE FULLY INFORMED AND UNDERSTAND YOUR

17 CONSTITUTIONAL RIGHTS.

18       THE COURTROOM DEPUTY IS GOING TO SWEAR YOU IN, SIR.

19           *(WHEREUPON, RICHARD VERRET, HAVING BEEN DULY SWORN,*

20 *TESTIFIED AS FOLLOWS)*

21           **THE COURT:** MR. VERRET, THE PENALTY OF PERJURY

22 ATTACHES. DO YOU KNOW WHAT PERJURY MEANS?

23           **THE DEFENDANT:** YES, YOUR HONOR.

24           **THE COURT:** OKAY. HOW OLD ARE YOU, SIR?

25           **THE DEFENDANT:** I'M 40 YEARS OLD.

1          **THE COURT:** AND HOW FAR DID YOU GO IN SCHOOL?

2          **THE DEFENDANT:** SOME COLLEGE.

3          **THE COURT:** YOU'RE ABLE TO READ AND WRITE, SIR?

4          **THE DEFENDANT:** YES, YOUR HONOR.

5          **THE COURT:** AND YOU'RE ABLE TO TAKE CARE OF YOUR

6    DAILY BUSINESS REQUIREMENTS; THINGS LIKE WORKING, PAYING

7    BILLS?

8          **THE DEFENDANT:** YES, YOUR HONOR.

9          **THE COURT:** YOU'RE ABLE TO WORK A CELL PHONE?

10          **THE DEFENDANT:** YES, YOUR HONOR.

11          **THE COURT:** YOU'RE ABLE TO DRIVE A CAR?

12          **THE DEFENDANT:** YES, YOUR HONOR.

13          **THE COURT:** DO YOU HAVE ANY DIFFICULTIES OR ALCOHOL

14    OR SUBSTANCE ABUSE PROBLEMS?

15          **THE DEFENDANT:** NO, YOUR HONOR.

16          **THE COURT:** HAVE YOU EVER HAD ANY ALCOHOL OR

17    SUBSTANCE ABUSE ISSUES?

18          **THE DEFENDANT:** NO, YOUR HONOR.

19          **THE COURT:** DO YOU HAVE ANY MENTAL ILLNESS THAT

20    YOU'RE AWARE OF?

21          **THE DEFENDANT:** NO, YOUR HONOR.

22          **THE COURT:** HAVE YOU EVER BEEN DIAGNOSED OR TREATED

23    FOR MENTAL ILLNESS IN THE PAST?

24          **THE DEFENDANT:** NO, YOUR HONOR.

25          **THE COURT:** DO YOU HAVE ANY ILLNESSES THAT YOU'RE

1  AWARE OF THAT WOULD PREVENT YOUR UNDERSTANDING OF THESE

2  PROCEEDINGS?

3          **THE DEFENDANT:**  NO, YOUR HONOR.

4          **THE COURT:**  HAVE YOU CONSUMED ANY ALCOHOL OR TAKEN

5  ANY KIND OF NARCOTICS, WHETHER PRESCRIBED OR OTHERWISE, IN THE

6  LAST 24 HOURS?

7          **THE DEFENDANT:**  NO, YOUR HONOR.

8          **THE COURT:**  TELL ME WHY WE'RE HERE, SIR.

9          **THE DEFENDANT:**  I GOT ARRESTED FOR FRAUD --

10         **THE COURT:**  WHAT'S THE PROCESS?  WHAT ARE YOU HERE

11  TO DO?

12         **THE DEFENDANT:**  TO PLEAD GUILTY.

13         **THE COURT:**  ALL RIGHT.  YOU'VE BEEN CHARGED WITH AN

14  INDICTMENT.  DID YOU READ THE INDICTMENT IN THIS CASE?

15         **THE DEFENDANT:**  YES, I DID, YOUR HONOR.

16         **THE COURT:**  DID YOU GO OVER IT WITH YOUR ATTORNEY?

17         **THE DEFENDANT:**  YES, YOUR HONOR.

18         **THE COURT:**  YOU'VE BEEN REPRESENTED IN THIS CASE BY

19  MR. EWING; IS THAT CORRECT?

20         **THE DEFENDANT:**  YES, THAT'S CORRECT, YOUR HONOR.

21         **THE COURT:**  AND HAVE YOU BEEN WELL SATISFIED WITH

22  HIS REPRESENTATION?

23         **THE DEFENDANT:**  YES, HE'S BEEN GOOD, YOUR HONOR.

24         **THE COURT:**  DO YOU TRUST HIS ADVICE AND COUNSEL?

25         **THE DEFENDANT:**  YES, I DO TRUST HIM.

1    **THE COURT:** OKAY. I'M GOING TO EXPLAIN THE CHARGES

2    IN THE INDICTMENT TO YOU. THE ONE THAT WE'RE HERE ON TODAY IS

3    COUNT 1, WHICH IS VIOLATION 18 U.S. CODE 1029(A)(6),

4    UNAUTHORIZED SOLICITATION OF ACCESS DEVICES.

5         THE PENALTY FOR THAT CRIME CARRIES UP TO TEN YEARS

6    IN PRISON; A FINE OF UP TO $250,000 OR TWICE THE GROSS GAIN OR

7    TWICE THE GROSS LOSS, WHICHEVER IS GREATER; SUPERVISED RELEASE

8    OF UP TO THREE YEARS; AND A MANDATORY SPECIAL ASSESSMENT OF

9    $100; RESTITUTION IN ACCORDANCE WITH THE LAW.

10        DO YOU UNDERSTAND THE CHARGE?

11   **THE DEFENDANT:** YES, YOUR HONOR.

12   **THE COURT:** AND YOU UNDERSTAND THE POSSIBLE

13   PENALTIES?

14   **THE DEFENDANT:** I DO, YOUR HONOR.

15   **THE COURT:** IT WOULD BE A FELONY CONVICTION IF YOU

16   PLEAD GUILTY TODAY. YOU WOULD BE -- AND IF THE COURT ACCEPTS

17   YOUR GUILTY PLEA, YOU'D BE GUILTY OF A FELONY; DO YOU

18   UNDERSTAND?

19   **THE DEFENDANT:** YES, YOUR HONOR.

20   **THE COURT:** YOU UNDERSTAND THAT A FELONY CONVICTION

21   MAY HAVE -- NOT ONLY ARE YOU GOING TO HAVE A FORFEITURE --

22   YOU'RE GOING TO HAVE A FORFEITURE ORDER WITH RESPECT TO

23   WHATEVER THE GAIN OR LOSS WAS; DO YOU UNDERSTAND THAT?

24   **THE DEFENDANT:** YES, YOUR HONOR.

25   **THE COURT:** YOU ALSO WILL LOSE SOME CIVIL RIGHTS,

1    LIKE YOUR RIGHT TO VOTE, YOUR RIGHT TO SERVE ON A JURY, AS

2    WELL AS YOU MAY HAVE TO DISCLOSE YOUR FELONY CONVICTION TO

3    FUTURE EMPLOYERS.  HAVE YOU CONSIDERED THAT?

4              **THE DEFENDANT:**  YES, YOUR HONOR.

5              **THE COURT:**  YOU HAVE A RIGHT TO PLEAD NOT GUILTY,

6    SIR.  IF YOU PLEAD NOT GUILTY, THIS COURT WOULD SET THIS

7    MATTER FOR TRIAL.  YOU WOULD CONTINUE TO HAVE A RIGHT TO

8    COUNSEL.  IF YOU CAN'T AFFORD COUNSEL, COUNSEL WOULD BE

9    APPOINTED FOR YOU.  YOUR LAWYERS AND THE COURT AND THE

10   GOVERNMENT'S LAWYERS WOULD SELECT A JURY OF 12 PEOPLE TO HEAR

11   EVIDENCE AGAINST YOU.

12             YOU DO NOT HAVE TO PROVE YOUR INNOCENCE.  THE

13   GOVERNMENT HAS TO PROVE YOUR GUILT.  THE GOVERNMENT,

14   IMPORTANTLY, HAS TO PROVE YOUR GUILT BEYOND A REASONABLE DOUBT

15   AND THE GOVERNMENT WOULD HAVE TO PROVE THAT TO THE

16   SATISFACTION OF ALL 12 JURORS.  IN OTHER WORDS, THE VERDICT

17   WOULD HAVE TO BE UNANIMOUS TO CONVICT YOU; DO YOU UNDERSTAND

18   THAT?

19             **THE DEFENDANT:**  I DO.

20             **THE COURT:**  YOU WOULD GIVE UP YOUR RIGHT TO TRIAL BY

21   JURY IF YOU PLEAD GUILTY; DO YOU UNDERSTAND THAT?

22             **THE DEFENDANT:**  YES, YOUR HONOR.

23             **THE COURT:**  IN THE EVENT THAT YOU DECIDED TO HAVE A

24   TRIAL BY JURY, YOU WOULD HAVE A RIGHT TO CALL WITNESSES, A

25   RIGHT TO OFFER EVIDENCE AND A RIGHT TO TESTIFY.  YOU ALSO HAVE

1   A RIGHT TO CROSS-EXAMINE OR TO CONTEST ANY AND ALL EVIDENCE OR

2   WITNESSES THAT THE GOVERNMENT MIGHT CALL AGAINST YOU.

3           WHILE YOU DO HAVE A RIGHT TO TESTIFY, YOU ALSO HAVE

4   A RIGHT NOT TO TESTIFY -- A CONSTITUTIONAL RIGHT NOT TO

5   TESTIFY.  IF YOU DECIDED THAT YOU WERE NOT GOING TO TAKE THE

6   STAND, THE COURT WOULD NOT PERMIT THE GOVERNMENT TO CALL YOU

7   TO THE STAND, AND THE COURT WOULD INSTRUCT THE JURY THAT THEY

8   COULD NOT DRAW ANY CONCLUSIONS OR MAKE ANY INFERENCES FOR THE

9   EXERCISE OF YOUR RIGHT NOT TO TESTIFY; DO YOU UNDERSTAND THAT?

10          **THE DEFENDANT:**  YES, YOUR HONOR.

11          **THE COURT:**  THOSE ARE THE MOST SALIENT RIGHTS THAT

12  YOU HAVE TO A RIGHT TO A TRIAL BY JURY.  IF YOU PLEAD GUILTY

13  YOU WILL NOT HAVE A TRIAL BY JURY; IS THAT WHAT YOU WANT TO

14  DO?

15          **THE DEFENDANT:**  YES, YOUR HONOR.

16          **THE COURT:**  DID ANYBODY COERCE YOU, THREATEN YOU,

17  GET YOU TO DO ANYTHING, PUT YOU UNDER ANY DURESS TO GET YOU TO

18  PLEAD GUILTY?

19          **THE DEFENDANT:**  NO, YOUR HONOR.

20          **THE COURT:**  THERE'S A PLEA AGREEMENT IN THIS CASE.

21  MR. STEVENS, IF YOU WOULD AUTHENTICATE THE PLEA AGREEMENT,

22  PLEASE?

23          **MR. STEVENS:**  YES, YOUR HONOR.  MR. VERRET, I HAVE

24  ON THE DESK HERE IN FRONT OF US A DOCUMENT THAT SAYS PLEA

25  AGREEMENT WITH YOUR NAME ON THE FIRST PAGE.  AND ON PAGE 15

1  THERE'S A SIGNATURE ABOVE YOUR TYPED NAME; IS THAT YOUR

2  SIGNATURE?

3        **THE DEFENDANT:**  YES, IT IS.

4        **MR. STEVENS:**  MR. EWING, IS THAT YOUR SIGNATURE AS

5  COUNSEL FOR THE DEFENDANT?

6        **MR. EWING:**  IT IS.

7        **MR. STEVENS:**  MR. VERRET, IS THIS THE PLEA AGREEMENT

8  THAT YOU'VE ENTERED INTO WITH THE UNITED STATES IN THIS CASE?

9        **THE DEFENDANT:**  YES, IT IS.

10       **MR. STEVENS:**  IT'S BEEN SIGNED, JUDGE, BY THE U.S.

11 ATTORNEY AND MYSELF AND MR. FERGUSON AND I'D OFFER THE

12 ORIGINAL INTO THE RECORD AT THIS TIME.

13       **THE COURT:**  IT IS SO ADMITTED.  I'M GOING TO GO OVER

14 THIS PLEA AGREEMENT WITH YOU, SIR, PARTICULARLY THE MOST

15 MEANINGFUL PROVISIONS OF THIS.  BY THIS PLEA AGREEMENT YOU ARE

16 AGREEING TO PLEAD GUILTY TO COUNT 1 OF THE INDICTMENT, AND YOU

17 ARE ALSO AGREEING THAT YOU WILL GIVE FINANCIAL INFORMATION TO

18 THE UNITED STATES GOVERNMENT IN THE EVENT THAT THEY SHOULD SO

19 ASK FOR THAT FINANCIAL INFORMATION.

20       IN THEIR -- FOR THEIR PART OF THIS AGREEMENT, THE

21 GOVERNMENT HAS AGREED THAT IF YOU PLEAD GUILTY AND IF THE

22 COURT ACCEPTS YOUR GUILTY PLEA, THEY WILL DISMISS THE

23 REMAINING COUNTS OF THE INDICTMENT AND WILL NOT PROSECUTE YOU

24 FOR OTHER OFFENSES THAT MIGHT BE RELATED TO THE OFFENSE

25 CHARGED OR THE OFFENSES CHARGED IN THE INDICTMENT.

THEY ARE ALSO AGREEING THAT IF YOU SHOULD QUALIFY
FOR A REDUCTION IN THE OFFENSE LEVEL FOR ACCEPTANCE OF
RESPONSIBILITY, THAT THEY WILL ASK THE COURT FOR AN ADDITIONAL
POINT FOR YOUR ACCEPTANCE OF RESPONSIBILITY.  WHAT THAT MEANS
IS, IT MAY AFFECT THE SENTENCING RECOMMENDATION IN THE
SENTENCING GUIDELINE.  IT MAY NOT.  IT JUST DEPENDS ON HOW THE
CALCULATION WORKS OUT.  BUT WHAT'S IMPORTANT FOR YOU TO KNOW
IS THAT EVEN IF YOU QUALIFY AND EVEN IF THE GOVERNMENT ASKS
FOR AN ACCEPTANCE OF RESPONSIBILITY RECOGNITION IN TERMS OF
THE OFFENSE CALCULATION, THE COURT DOES NOT HAVE TO GRANT THAT
REQUEST; DO YOU UNDERSTAND?

**THE DEFENDANT:**  YES, YOUR HONOR.

**THE COURT:**  I'VE EXPLAINED THE MAXIMUM STATUTORY
PENALTIES AND THE SUPERVISED RELEASE.  IN A MOMENT I'LL
EXPLAIN THE SENTENCING GUIDELINES TO YOU.  YOU WILL BE SUBJECT
TO A RESTITUTION AND A FORFEITURE ORDER IN THIS CASE.
SPECIFICALLY, YOU'LL BE ORDERED TO PAY RESTITUTION OF THE
INTENDED LOSS IN THIS CASE.

LIKEWISE, YOU WILL BE ORDERED TO FORFEIT ANY RIGHT,
TITLE AND INTEREST THAT YOU HAVE TO ANYTHING THAT YOU'VE
GAINED IN THE COMMISSION OF THE OFFENSE OR ANYTHING THAT
YOU'VE USED IN THE COMMISSION OF THE OFFENSE; DO YOU
UNDERSTAND THAT?

**THE DEFENDANT:**  YES, YOUR HONOR.

**THE COURT:**  IN THIS PLEA AGREEMENT YOU ARE GIVING UP

1  SOME VERY IMPORTANT RIGHTS OF APPEAL. SPECIFICALLY, YOU ARE

2  GIVING UP YOUR RIGHT TO APPEAL THIS COURT'S VERDICT AND

3  SENTENCE, EXCEPT IN THE EVENT THAT THE COURT WOULD SENTENCE

4  YOU ABOVE THE STATUTORY MAXIMUM OF TEN YEARS THAT I'VE

5  EXPLAINED TO YOU OR ABOVE THE SENTENCING GUIDELINES. BUT

6  OTHER THAN THOSE TWO CIRCUMSTANCES YOU ARE WAIVING YOUR RIGHTS

7  TO APPEAL THIS COURT'S SENTENCE; DO YOU UNDERSTAND THAT?

8        **THE DEFENDANT:** YES, YOUR HONOR.

9        **THE COURT:** AND IS THAT SOMETHING THAT YOU WANT TO

10 DO?

11       **THE DEFENDANT:** YES, YOUR HONOR.

12       **THE COURT:** ALL RIGHT. THERE IS A FACTUAL BASIS IN

13 THIS PLEA AGREEMENT, SIR. I'M GOING TO ASK THAT MR. STEVENS

14 READ THE FACTUAL BASIS. YOU HAVE IT BEFORE YOU. YOU MAY READ

15 ALONG. WHEN MR. STEVENS IS FINISHED READING THIS, I'M GOING

16 TO ASK YOU IF YOU ARE ADMITTING THESE FACTS AND THAT YOU

17 STIPULATE THAT THESE FACTS ARE TRUE AND CORRECT.

18       **MR. STEVENS:** THANK YOU, JUDGE. I'M READING, SIR,

19 FROM PAGE 6.

20       AT ALL RELEVANT TIMES, THE DEFENDANT, RICHARD

21 VERRET, AKA, LUXURY 187 AND MIAMI 24K, WAS A RESIDENT OF

22 QUEBEC, CANADA. THE DEFENDANT OPERATED AND CONTROLLED SEVERAL

23 WEBSITES, SUCH AS THE LUX GIFT CARD SHOP AND MIAMI'S GIFT CARD

24 SHOP THROUGH WHICH HE ADVERTISED THE SALE OF GIFT CARDS FOR

25 MAJOR RESTAURANT CHAINS, GROCERY STORES, ENTERTAINMENT VENUES

1    AND OTHER RETAIL BUSINESS CHAINS, COLLECTIVELY THE BUSINESSES.

2              MANY OF THE BUSINESSES WHOSE GIFT CARDS WERE

3    ADVERTISED ON HIS WEBSITES HAD LOCATIONS ACROSS LOUISIANA,

4    INCLUDING WITHIN THE MIDDLE DISTRICT OF LOUISIANA.

5              THE CRIMINAL SCHEME.  BEGINNING ON A DATE UNCERTAIN,

6    BUT NO LATER THAN ON OR ABOUT 2018, AND CONTINUING UNTIL EARLY

7    2022, THE DEFENDANT WOULD OBTAIN, BY FRAUDULENT METHODS AND

8    THEFT, LARGE QUANTITIES OF ACCOUNT NUMBERS FOR VALID GIFT

9    CARDS THAT HAD BEEN ISSUED BY THE BUSINESSES.

10             ONCE IN POSSESSION OF THE ACCOUNT NUMBERS, THE

11   DEFENDANT COULD SPEND THE GIFT CARD BALANCES OR SHARE THEM

12   WITH ASSOCIATES, BUT THE DEFENDANT'S ULTIMATE GOAL WAS TO

13   UNLAWFULLY ENRICH HIMSELF BY RE-SELLING THE GIFT CARD ACCOUNT

14   NUMBERS WITHOUT THE KNOWLEDGE, CONSENT OR AUTHORIZATION OF THE

15   BUSINESSES OR THEIR CUSTOMERS.

16             TO ACCOMPLISH HIS GOALS, AND TO BE ABLE TO OFFER AND

17   SELL ACCESS DEVICES, THE DEFENDANT USED THE FOLLOWING MANNER

18   AND MEANS, AMONG OTHERS.

19             (A), THE DEFENDANT WOULD IDENTIFY KNOWN, ACTIVE

20   ACCOUNT NUMBERS FOR GIFT CARDS ISSUED BY THE BUSINESSES,

21   IDENTIFY LARGE POPULATIONS OF ADDITIONAL NUMBERS THAT HAD BEEN

22   ISSUED BY THE SAME RETAILERS, AND THEN DETERMINE WHETHER THE

23   NUMBERS HE OBTAINED HAD ASSOCIATED ACCOUNT BALANCES THAT COULD

24   BE USED AND SPENT.

25             BECAUSE THE ACCOUNT NUMBERS COULD BE LOADED INTO

1  MOBILE APPLICATIONS AND SCANNED AT STORE REGISTERS USED FOR

2  ONLINE PURCHASES AND/OR REPROGRAMMED ON TO BLANK ACCESS

3  DEVICES, THE DEFENDANT AND OTHERS COULD ACCESS THE ACCOUNT

4  BALANCES AND SPEND THE FUNDS WITHOUT EVER HAVING ACTUAL

5  PHYSICAL POSSESSION OF THE ORIGINAL LEGITIMATE GIFT CARDS.

6  (B), WHEN INTERACTING WITH THE BUSINESS' WEBSITES,

7  THE DEFENDANT WOULD CONCEAL HIS IDENTITY AND TAKE OTHER STEPS

8  TO CIRCUMVENT THE WEBSITE'S SECURITY MEASURES.

9  (C), BECAUSE THE DEFENDANT HAD OBTAINED THE ACCOUNT

10  NUMBERS WITHOUT THE KNOWLEDGE, CONSENT OR AUTHORIZATION OF THE

11  GIFT CARDS' ISSUERS OR ACTUAL OWNERS, HE CONCEALED HIS TRUE

12  IDENTITY FROM INDIVIDUALS WHO VISITED HIS WEBSITES AND OFFERED

13  THE GIFT CARDS FOR SALE AT STEEP DISCOUNTS.

14  FOR INSTANCE, THE DEFENDANT WOULD OFFER GIFT CARDS

15  TO A MAJOR GOURMET SUPERMARKET CHAIN HAVING A FACEVALUE OF $25

16  EACH FOR JUST $5, AND THE DEFENDANT WOULD OFFER GIFT CARDS TO

17  A FURNITURE STORE HAVING A FACEVALUE OF $1000 FOR $250.

18  (D), AT THE DEFENDANT'S WEBSITES, UPON PLACING AN

19  ORDER, A PURCHASER WOULD GENERALLY RECEIVE INSTRUCTIONS VIA

20  E-MAIL DIRECTING HIM OR HER TO SEND PAYMENT TO A PAYPAL

21  ACCOUNT CONTROLLED BY THE DEFENDANT.  AFTER SENDING PAYMENT,

22  THE PURCHASER WOULD RECEIVE AN E-MAIL CONTAINING ACCOUNT

23  NUMBERS FOR THE GIFT CARDS THAT HE OR SHE HAD JUST PURCHASED.

24  (E), THE DEFENDANT USED VARIOUS METHODS TO CONCEAL

25  HIS IDENTITY AND AVOID DETECTION, INCLUDING CYCLING THROUGH

NUMEROUS EMAIL AND PAYPAL ACCOUNTS, WHICH HE OFTEN OPENED IN THE NAME OF ALIASES. THE DEFENDANT'S WEBSITES, WHICH WERE ACCESSIBLE IN THE MIDDLE DISTRICT OF LOUISIANA AND ELSEWHERE, OFTEN ADVERTISED THAT THEY OFFERED GIFT CARDS TO HUNDREDS OF DIFFERENT BUSINESSES AND THAT THE SITES WERE ADDING MORE GIFT CARDS EVERY WEEK.

AS OF LATE FEBRUARY 2022, ONE OF THE WEBSITES OFFERED MORE THAN 550,000 GIFT CARDS TO MORE THAN 500 DIFFERENT BUSINESSES. THE TOTAL STORED VALUE OF ALL OF THE FRAUDULENTLY OBTAINED ACCOUNTS BEING OFFERED FOR SALE WAS MORE THAN $22 MILLION.

COUNT 1: ACCORDINGLY, THE DEFENDANT'S SCHEME INVOLVED THE UNAUTHORIZED SOLICITATION OF ACCESS DEVICES. THAT IS, THE DEFENDANT KNOWINGLY AND WITH INTENT TO DEFRAUD, SOLICITED INDIVIDUALS IN BATON ROUGE, LOUISIANA AND ELSEWHERE WITH THE PURPOSE OF OFFERING AND SELLING ACCESS DEVICES WITHOUT THE AUTHORIZATION OF THE ISSUERS OF THE ACCESS DEVICES AND HIS CONDUCT AFFECTED INTERSTATE AND FOREIGN COMMERCE.

FOR INSTANCE, AS DESCRIBED IN COUNT 1 OF THE INDICTMENT, ON OR ABOUT JULY 17TH, 2019, THE DEFENDANT ADVERTISED, SOLD, RECEIVED PAYMENT AND DISTRIBUTED THE ACCOUNT NUMBERS AND CERTAIN ACCOUNT INFORMATION FOR TEN WHATABURGER GIFT CARDS FROM A LOCATION OUTSIDE THE UNITED STATES TO A LOCATION IN BATON ROUGE, LOUISIANA WITHOUT AUTHORIZATION FROM THE CARD'S ISSUER.

1        **THE COURT:**  MR. VERRET, YOU'VE HEARD AND READ THE

2   FACTUAL BASIS.  HAD YOU READ AND CONSIDERED THAT FACTUAL BASIS

3   BEFORE AND UPON SIGNING YOUR PLEA AGREEMENT?

4        **THE DEFENDANT:**  I DID, YOUR HONOR.

5        **THE COURT:**  ARE THOSE FACTS TRUE AND CORRECT?

6        **THE DEFENDANT:**  THEY ARE, YOUR HONOR.

7        **THE COURT:**  IS IT YOUR FIRM BELIEF THAT IF CALLED TO

8   PROVE THOSE ALLEGATIONS THE GOVERNMENT COULD PROVE THOSE

9   BEYOND A REASONABLE DOUBT?

10       **THE DEFENDANT:**  YES, YOUR HONOR.

11       **THE COURT:**  THERE IS A MATTER THAT WE NEED TO TAKE

12  UP UNDER PLEA -- I'M SORRY, UNDER SEAL.  I'M GOING TO ASK THE

13  COURT SECURITY OFFICER TO PLEASE SEAL THE COURTROOM, SO YOU'LL

14  HAVE TO LEAVE THE COURTROOM.

15  **(WHEREUPON, THE FOLLOWING PORTION OF THE TRANSCRIPT WAS**

16  **ORDERED SEALED BY THE COURT AND IS FILED IN A SEPARATE**

17  **TRANSCRIPT UNDER SEAL.  AFTER WHICH, THE PROCEEDINGS RESUMED**

18  **AS FOLLOWS)**

19       **THE COURT:**  IS THAT A FRIEND OR FAMILY MEMBER THAT'S

20  HERE?

21       **THE DEFENDANT:**  NO, YOUR HONOR.

22       **MR. EWING:**  YOUR HONOR, IT'S SOMEONE FROM OUR

23  OFFICE.

24       **THE COURT:**  OH, OKAY.  ALL RIGHT.  WELL, THEN WE

25  WILL CARRY ON.

1        I'M GOING TO EXPLAIN SENTENCING TO YOU, SIR.

2        FIRST AND FOREMOST, YOU SHOULD UNDERSTAND THAT ANY

3   SENTENCE THE COURT IMPOSES MAY BE DIFFERENT FROM WHAT YOUR

4   ATTORNEY HAS PREDICTED.  WHAT WILL HAPPEN AFTER TODAY, IF THE

5   COURT ACCEPTS YOUR GUILTY PLEA, I'M GOING TO REFER YOU TO THE

6   UNITED STATES PROBATION OFFICE.  THEY WILL BEGIN THE PROCESS

7   OF A PRESENTENCE INVESTIGATION.  THEY'LL INVESTIGATE YOU, YOUR

8   HISTORY, YOUR BACKGROUND, YOUR CHARACTERISTICS AND THE OFFENSE

9   CONDUCT.  THEY WILL PREPARE A REPORT FOR THE COURT THAT

10  IDENTIFIES MORE INFORMATION ABOUT THE OFFENSE CONDUCT, AS WELL

11  AS A HISTORY ABOUT YOUR CHARACTERISTICS AND BACKGROUND.

12       IN THAT HISTORY SECTION, IF YOU HAVE ANY PRIOR

13  CRIMINAL HISTORY, BOTH CHARGED AND UNCHARGED CONDUCT, THAT

14  WILL BE REVEALED IN THE PRESENTENCE REPORT AS WELL.  FROM THAT

15  INFORMATION, THE COURT WILL CALCULATE WHAT'S KNOWN AS A

16  SENTENCING GUIDELINE.  IT'S A RANGE OR A RECOMMENDED SENTENCE.

17  IT IS EXACTLY WHAT I'VE JUST SAID.  IT'S A GUIDELINE.  IT IS A

18  RECOMMENDATION.  THE COURT WILL CALCULATE IT AND THE COURT

19  WILL CONSIDER IT, BUT THE COURT'S NOT BOUND TO SENTENCE WITHIN

20  THAT SENTENCING GUIDELINE; DO YOU UNDERSTAND?

21       **THE DEFENDANT:**  YES, YOUR HONOR.

22       **THE COURT:**  THE COURT CAN CONSIDER A NUMBER OF

23  FACTORS TO DETERMINE WHAT WOULD BE A JUST SENTENCE IN THIS

24  PARTICULAR CASE UNDER THESE FACTS.  THINGS LIKE THE NATURE AND

25  CIRCUMSTANCES OF YOUR CRIME, YOUR HISTORY AND CHARACTERISTICS,

1  THE NEED TO REFLECT THE -- THE NEED FOR THE SENTENCE TO

2  REFLECT THE SERIOUSNESS OF THE CRIME, TO PROTECT AGAINST

3  FURTHER CRIMES BY YOU, TO PROMOTE RESPECT FOR THE LAW, TO

4  SERVE AS A DETERRENT AGAINST FUTURE CRIMINAL CONDUCT.  THOSE

5  ARE ALL THINGS THAT THE COURT WILL CONSIDER IN DETERMINING

6  WHETHER TO IMPOSE A SENTENCE WITHIN THE RECOMMENDED GUIDELINES

7  OR ABOVE OR BELOW THE GUIDELINES, DO YOU UNDERSTAND?

8          **THE DEFENDANT:**  YES, YOUR HONOR.

9          **THE COURT:**  IMPORTANTLY, SO THERE'S NO PAROLE IN THE

10  FEDERAL SYSTEM.  THERE IS NOT A PAROLE BOARD THAT YOU CAN

11  WRITE TO, TO ASK TO REDUCE OR COMMUTE YOUR SENTENCE; DO YOU

12  UNDERSTAND?

13          **THE DEFENDANT:**  YES, YOUR HONOR.

14          **THE COURT:**  YOU'LL SERVE THE TIME THAT THE COURT

15  SENTENCES.

16          **THE DEFENDANT:**  YES, YOUR HONOR.

17          **THE COURT:**  IS THERE ANYTHING THAT YOU NEED ME TO

18  EXPLAIN FURTHER OR DO YOU HAVE ANY QUESTIONS BEFORE I TAKE

19  YOUR PLEA?

20          **THE DEFENDANT:**  NO, NO QUESTIONS, YOUR HONOR.

21          **THE COURT:**  ALL RIGHT.  ON THE CHARGE OF

22  UNAUTHORIZED SOLICITATION OF ACCESS DEVICES IN VIOLATION OF 18

23  U.S. CODE 1029(A)(6), HOW DO YOU PLEA?

24          **THE DEFENDANT:**  GUILTY.

25          **THE COURT:**  THE COURT FINDS THAT MR. RICHARD VERRET

1    HAS KNOWINGLY AND VOLUNTARILY ENTERED INTO A PLEA OF GUILTY.

2    THE COURT FINDS THE ELEMENTS REQUIRED TO SUPPORT THE

3    CONVICTION ON THE CHARGES ARE PRESENT AND THAT THERE IS A

4    SUFFICIENT FACTUAL BASIS TO SUPPORT THE PLEA.

5            ALSO, BASED ON YOUR ANSWERS TO THE COURT'S

6    QUESTIONS, THE COURT FINDS THAT YOU HAVE RECEIVED EFFECTIVE

7    ASSISTANCE OF COUNSEL.  THE COURT WILL ACCEPT YOUR GUILTY PLEA

8    ON THOSE FINDINGS.  THE COURT WILL DEFER ACCEPTANCE OF THE

9    PLEA AGREEMENT UNTIL THE TIME OF SENTENCING.

10           YOU HAVE ALREADY BEEN PLACED IN CUSTODY.  THE COURT

11   WILL CONTINUE THE CUSTODY ORDER PENDING SENTENCING.

12           SO WHAT WILL HAPPEN NEXT, SIR, IS THAT IF YOU'VE NOT

13   ALREADY HAD THAT INITIAL MEETING WITH PROBATION, YOU'LL HAVE A

14   MEETING WITH PROBATION BEFORE YOU LEAVE HERE TODAY.  THEY'LL

15   COMMENCE THAT INVESTIGATION IN A REPORT.  YOU'LL RECEIVE A

16   COPY OF THE REPORT AND YOU'LL HAVE IT IN YOUR POSSESSION AT

17   LEAST 35 DAYS BEFORE YOU COME FOR SENTENCING.

18           IT'S IMPORTANT THAT YOU READ IT AND THAT YOU GO OVER

19   IT WITH MR. EWING.  IF THERE ARE FACTUAL ERRORS OR OMISSIONS,

20   YOU CAN BRING THOSE TO MR. EWING'S ATTENTION AND HE CAN SEE

21   THAT PROBATION HAS THE CORRECT INFORMATION IN THE PRESENTENCE

22   REPORT; DO YOU UNDERSTAND?

23           **THE DEFENDANT:**  YES, YOUR HONOR.

24           **THE COURT:**  IT'S IMPORTANT THAT YOU READ IT, BECAUSE

25   IT MAY ENABLE MR. EWING TO ADVOCATE ON YOUR BEHALF AT

1   SENTENCING AND ALSO TO MAKE OBJECTIONS IF THERE ARE OBJECTIONS
2   TO BE MADE.  SO IT'S IMPORTANT THAT YOU CONTINUE TO
3   PARTICIPATE WITH YOUR LAWYER IN THAT PROCESS; DO YOU
4   UNDERSTAND?
5               **THE DEFENDANT:**  ABSOLUTELY, YOUR HONOR.
6               **THE COURT:**  IS THERE ANYTHING FURTHER?
7               **MR. EWING:**  NO, YOUR HONOR.  THANK YOU.
8               **THE COURT:**  ANYTHING FURTHER, MR. STEVENS?
9               **MR. STEVENS:**  NO, JUDGE.  THANK YOU VERY MUCH.
10              **THE COURT:**  OKAY.  THE COURT REMANDS YOU TO MARSHAL
11  PENDING SENTENCING.  WE'LL STAND IN RECESS.
12  *(WHEREUPON, THE PROCEEDINGS WERE CONCLUDED AND THE COURT WAS*
13                      *IN RECESS)*
14              C E R T I F I C A T E
15              I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
16  FROM THE RECORD OF THE PROCEEDINGS IN THE ABOVE-ENTITLED
17  NUMBERED MATTER.
18  **/S/GINA DELATTE-RICHARD**
19  GINA DELATTE-RICHARD, CCR
20  OFFICIAL COURT REPORTER
21
22
23
24
25